JOHN S. NOEL CO. *v.* NEWCOMB.

1. CONTRACTS—SALES—INSTALLING ACETYLENE GAS PLANT—PART PERFORMANCE—DAMAGES.

Where plaintiff sold defendant an acetylene gas generator and certain fixtures by written contract, and agreed orally to install the same, and after the generator was delivered and partly installed defendant refused to allow him to finish, plaintiff is entitled to recover the contract price of the generator, and for such pipe and materials as had been used, at the contract price.

2. TRIAL—MISCONDUCT OF WITNESS—NEW TRIAL.

 Although it was highly improper for plaintiff's witness to engage in a heated discussion about the case with a witness for defendant in the corridors of the courthouse, during a recess, the action of the judge, who investigated the incident at the time, in overruling a motion for a new trial, will not be reversed, where it does not appear that any juror heard what was said.

Error to Montcalm; Davis, J. Submitted January 11, 1915. (Docket No. 55.) Decided September 28, 1915.

Assumpsit by the John S. Noel Company against Sol B. Newcomb for the price of goods sold and delivered and work done. Judgment for plaintiff. Defendant brings error. Affirmed.

*F. A. Miller* and *N. O. Griswold,* for appellant.

*J. Claude Youdan,* for appellee.

OSTRANDER, J. In the amended narr. plaintiff sets up an express written contract for the sale and purchase of an acetylene gas generator and certain fixtures, and an express parol contract for its installation, the delivery of the generator, partial performance of the parol contract, refusal of defendant to permit complete performance, and consequent damages. The common counts in assumpsit are added. Defendant pleaded the general issue, with notice that it would show certain representations made by plaintiff respecting the generator, and certain items of the parol contract and representations made therewith, breaches of them, and consequent damages, which he would recoup.

The written contract contains a guaranty not involved here, and recites the understanding of the parties thereto that the instrument covers all agreements, that no agent or representative of plaintiff has

made any statements or verbal agreements modifying or adding to its terms or conditions.

The generator was delivered. The parol contract for installation admittedly was not fully performed. In a charge favorable to defendant the court submitted all issues of fact to a jury, which returned a verdict for plaintiff. Upon the merits of the case counsel for appellant refers in the brief to no exception and to no specific ruling of the court, except the one refusing at the close of plaintiff's case to direct a verdict for defendant. It is argued, however, that an improper rule for measuring plaintiff's damages was given to the jury. It does not appear that defendant preferred any requests for instructions, and a review of the charge does not satisfy us that the court failed to properly instruct the jury. The price of the generator was fixed. To install it, it was necessary to use pipe, the price of which, per foot, was fixed. Certain fixtures were to be installed, and the prices were fixed. Plaintiff claims, and the jury sustained the claim, that such fixtures as it had not furnished the defendant refused, that any defects in piping it would have repaired if permitted to do so. The jury was permitted to find, and did find, that plaintiff was entitled to recover the contract price of the generator and for certain pipe at 10 cents a foot. It is not apparent in what way the defendant was injured by this ruling.

A motion for a new trial was refused. The motion was based, in part, upon grounds affecting the merits, which deserve no attention here, in view of what is hereinbefore said, and in part upon affidavits tending to show that John S. Noel, a witness for plaintiff, had been guilty of improper conduct during the progress of the trial, prejudicial to defendant. Specifically, the charge is that this witness, during a recess of the court, engaged in a heated controversy and argument about the case with a witness for the defendant in the

corridor of the courthouse in the presence and hearing of members of the jury impaneled to try this cause; that he persisted, after being twice admonished by an officer of the court. None of the affidavits filed for the motion were made by jurors. Counter affidavits were filed, among them those of four of the jurors. In denying the motion, the court said:

"It has considered the complaint of the defendant, and all the affidavits submitted, and particularly the affidavits of the jurors filed in connection herewith, and in consideration of the further fact that at the time of the incidents complained of by the defendant the court made some personal investigation of the matter, not having been able to find any evidence of misconduct on the part of the witness that would justify further inquiry at that time on my part, I hereby certify that in the judgment of the court, after considering all of the evidence submitted and making the aforesaid investigation, that the claims of the defendant are not supported by facts sufficient as a reason for granting new trial. I further find that counsel for the defendant were advised of the incident complained of, and that one of counsel for the defendant was a witness to part of the conduct complained of, and that the defendant continued the trial of said cause after being so advised and informed."

It is said the court erred in not setting aside the verdict and granting a new trial. This court has had occasion in a few cases to consider similar questions. Many of them are collected in the opinion of this court in *McCartney* v. *Saul*, 180 Mich. 502 (147 N. W. 566). The impropriety of the conduct complained of is apparent; but it was not conduct which could influence a juror, unless a juror heard what was said. If it appeared that jurors listened to the conversation, or argument, we might ignore the question of its influence upon them. It does not appear that any juror heard what was said. We are disposed to accept the con-

clusion of the court, who was immediately informed, and then made some personal investigation.

The judgment is affirmed.

BROOKE, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY heard the argument in this cause, but took no part in this decision.